PHILLIP A. TALBERT
United States Attorney
ELLIOT C. WONG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00153-TLN |
|---|---|
| Plaintiff, | STIPULATION AND ORDER FOR REMOTE (ZOOM) CHANGE OF PLEA AND SENTENCING HEARING |
| v. | |
| SALVADOR ANGUIANO-SOTO, | |
| Defendant. | DATE: January 12, 2023<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

This case is set for a combination change of plea/sentencing hearing on January 12, 2023, pursuant to the Eastern District of California Fast-Track Immigration Prosecution Program. The Defendant requests that he be permitted to enter a change of plea and be sentenced by remote (zoom) appearance from where he is currently housed at the Central Valley Annex facility in McFarland, California. The United States does not oppose this request. Both counsels will appear in person at the hearing.

The parties stipulate and agree that:

The Defendant has received the pre-plea pre-sentence report and the defense has no objections to the calculation in the pre-sentence report.

The Defendant fully reviewed the plea agreement with his counsel in his native language with the assistance of a certified Spanish language interpreter. The Defendant signed the plea agreement on November 16, 2022.

STIPULATION AND ORDER

1

As provided by the plea agreement, the Defendant joins in the United States' recommended sentence under the Fast-Track program and recommends a sentence of 24 months' imprisonment.

The Defendant is receiving a new medication that is administered via injection at the Central Valley Annex facility and his treatment providers recommend that the medication schedule continue without interruption. Transporting the Defendant from the Central Valley Annex facility to Court may result in an interruption in his treatment.

This request is consistent with the intent of the CARES Act.  On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice."  *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On December 18, 2022, the Chief Judge of this District, per General Order 656, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety."  In order to authorize plea or sentencing hearings by remote means, however, the CARES Act—as implemented by General Order 656—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 656 further requires that the defendant consent to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by teleconference.

The parties agree that each of the requirements of the CARES Act and General Order 656 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 656. Specifically, for the reasons further set forth below, the parties agree that:

(1) The combination change of plea and sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice and given the public health restrictions on physical contact; and

(2) The defendant waives his physical presence at the hearings (including change of plea and sentencing) and consents to remote hearing by videoconference and counsel joins in that waiver.

Dated: December 22, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ ELLIOT C. WONG
ELLIOT C. WONG
Assistant United States Attorney

/s/ CHRISTINA DiEDOARDO
CHRISTINA DiEDOARDO
Counsel for Defendant

**ORDER**

IT IS SO ORDERED.

DATED: December 28, 2022

Troy L. Nunley
United States District Judge